# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DEMARCUS DARNELL SANDERS,<br><br>Defendant. | Case No. CR14-2046<br><br>ORDER FOR PRETRIAL DETENTION |

On the 10th day of November, 2014, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Justin Lightfoot. The Defendant appeared personally and was represented by his attorney, Max S. Wolson.

## I. RELEVANT FACTS AND PROCEEDINGS

On October 30, 2014, Defendant Demarcus Darnell Sanders was charged by Indictment (docket number 2) with possession of a firearm and ammunition by a prohibited person. At the arraignment on November 6, 2014, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on January 5, 2015.

Sergeant Steven Bose of the Waterloo Police Department testified regarding the circumstances underlying the instant charge. In May or June 2014, authorities conducted a controlled buy of marijuana from Defendant, using a confidential informant. Subsequent to that time, law enforcement executed three or four "trash rips" at Defendant's residence, resulting in the discovery of evidence consistent with the delivery of marijuana.

On September 10, 2014, authorities executed a search warrant at Defendant's residence. Sergeant Bose followed Defendant to the residence and approached Defendant

in his car. Bose testified he could smell raw and burnt marijuana as he approached the vehicle, and he found a marijuana "blunt roach" in the car. A search of the residence revealed a loaded .9mm Smith & Wesson firearm under the dresser in Defendant's bedroom. Defendant claimed that it belonged to another person, but admitted handling it when it was brought to the house. Authorities also found .9mm ammunition, a gun case, and a holster in a shed on the property.

In 2006, Defendant was convicted of intimidation with a dangerous weapon, willful injury, and going armed with intent. As a convicted felon, it was unlawful for him to possess a firearm or ammunition. Moreover, Defendant admitted to law enforcement that he had been smoking marijuana twice a day for several years. Defendant submitted to a urinalysis, which tested positive for marijuana and cocaine.

Defendant also admitted an affiliation with the "chopper city" gang in Waterloo, although he told officers that he was trying to "distance himself." Defendant acknowledged that there had been an increase in gun violence between two competing gangs, and told law enforcement that the gun found at his residence belonged to a gang member. Defendant initially denied selling drugs, but when confronted with the controlled buy, Defendant admitted selling drugs "to support his habit."

Defendant is 27 years old and is a lifelong residence of Waterloo. Prior to his arrest, Defendant was living with his girlfriend and their 11-month-old child. Also living at the residence was Defendant's 10-year-old son from a prior relationship. Defendant told the pretrial services officer that he has been employed for about 18 months doing maintenance at Tyson Fresh Meats in Waterloo, and works "off-and-on" for his family's funeral business.

Defendant is in good physical health and denied any history of mental health issues. Defendant told the pretrial services officer that he had used marijuana "recreationally" for

about the past two years. Defendant admitted first using cocaine about one year ago, but stated he had used it on two occasions.

As previously noted, Defendant was convicted in 2006 of three serious felonies. According to the narrative in the pretrial services report, records reflect that Defendant and another individual in the same vehicle pointed guns at the victim and fired multiple shots. The victim was struck in the upper left leg by the gunfire. Defendant was sentenced to 10 years in prison but was paroled on July 2, 2008. While on parole, Defendant was charged and later convicted of possession of marijuana. Defendant was discharged from parole on July 21, 2010.

Since being discharged from parole, Defendant has two convictions for driving without a license in 2010, an assault in February 2012, and "failure to disperse" in July 2012. Defendant has a pending state charge of possession of marijuana with intent to deliver arising from the events of September 10, 2014.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of

conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or

4

alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with possession of a firearm and ammunition by a prohibited person. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(E).

Regarding the second step, the weight of the evidence against Defendant is strong. It is apparently undisputed that Defendant is a convicted felon and the firearm and ammunition crossed over a state line. In addition, there is evidence Defendant submitted to a urinalysis at the time of these events, which tested positive for marijuana and cocaine. Accordingly, the fighting issue would seem to be whether Defendant "possessed" the gun and ammunition. As previously noted, the loaded gun was found in Defendant's bedroom and he admitted handling the gun when it was brought to the house. In addition, Defendant was able to tell authorities where the ammunition could be found in the shed.

Defendant has a history of gun violence. His convictions in 2006 resulted from an incident where he and another individual fired multiple shots at the victim, resulting in the victim being struck by gunfire. In 2012, Defendant was convicted of assault and, in a separate incident, failing to disperse. Now, despite being a convicted felon and an active user of drugs, Defendant was in possession of a loaded .9mm handgun. The Court believes that Defendant's release would pose a danger to the community.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community

5

if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (November 6, 2014) to the filing of this Ruling (November 12, 2014) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 12th day of November, 2014.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA